# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WITER ELOY FREITEZ LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | Case No. 2:26-cv-00541-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the undersigned recommends that this action be dismissed as duplicative of <u>Freitez Lopez Witer Eloy v. Warden</u>, No. 1:26-cv-01236-KES-EPG.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

---

[1] The Rules Governing Section 2254 Cases may apply to § 2241 habeas petitions. <u>See</u> Rule 1(b) of the Rules Governing Section 2254 Cases.

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). "To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 487 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" Adams, 487 F.3d at 688 (second alteration in original) (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." Adams, 487 F.3d at 689. See also Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 487 F.3d at 688.

Petitioner has two habeas petitions pending before this Court. On February 12, 2026, Petitioner filed a § 2241 petition that is proceeding in Freitez Lopez Witer Eloy v. Warden, No. 1:26-cv-01236-KES-EPG. The second § 2241 petition is the instant matter, No. 2:26-cv-00541-KES-EPG, and was filed on February 23, 2026. (ECF No. 1.) In both petitions, Petitioner challenges his immigration detention. Generally, "where a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." Woods v. Carey, 525 F.3d 886, 888–90 (9th Cir. 2008). However, the Court has appointed counsel for Petitioner in the earlier-filed proceeding. See Order Appointing Counsel, Freitez Lopez Witer Eloy v. Warden, No. 1:26-cv-01236-KES-EPG (E.D. Cal. Feb. 12, 2026), ECF No. 7. Thus, construing the later-filed petition as a motion to amend would serve no purpose.

Accordingly, the Court finds the instant case to be duplicative of <u>Freitez Lopez Witer Eloy v. Warden</u>, No. 1:26-cv-01236-KES-EPG, and it should be dismissed.

## II.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as duplicative of <u>Freitez Lopez Witer Eloy v. Warden</u>, No. 1:26-cv-01236-KES-EPG.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 27, 2026**                    /s/ _Erica P. Grosjean_
                                                  UNITED STATES MAGISTRATE JUDGE

3